IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EDDIE POWELL,                          *

        Plaintiff,                     *

vs.                                    *
                                              CASE NO. 4:17-CV-185 (CDL)
MUSCOGEE COUNTY SCHOOL                 *
DISTRICT,
                                       *
        Defendant.                     *
_____        *

O R D E R

Eddie Powell claims that his employer, the Muscogee County
School District, retaliated against him for complaining of
racial discrimination, in violation of 42 U.S.C. § 1981,[1] and for
reporting that a teacher failed to inform him that a student had
been injured at school, in violation of Georgia's Whistleblower
Act, O.C.G.A. § 45-1-4.  Powell also asserted discrimination
claims under § 1981 and discrimination and retaliation claims
under Title VII of the Civil Rights Act of 1964 ("Title VII"),
42 U.S.C. § 2000e *et seq*.

The School District seeks summary judgment on all of
Powell's claims.  Powell does not contest summary judgment on

_____

[1] Powell did not invoke 42 U.S.C. § 1983 in his Complaint even though
the Eleventh Circuit has stated that school district employees must
bring any § 1981 claims against their school district employers
through § 1983.  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337
(11th Cir. 2008).  Powell asks the Court for leave to amend his
Complaint to clarify that his § 1981 claims are asserted through
§ 1983.  That leave is granted, and Powell shall file his amended
Complaint within seven days of the date of this Order.

his § 1981 discrimination claims or his Title VII claims, so the School District's summary judgment motion on those claims is granted. As discussed below, the School District's motion is also granted as to all of Powell's remaining claims except his Whistleblower Act claim based on the December 2016 Reese Road Elementary and Davis Elementary principal promotion decisions and his § 1981 retaliation claims based on the June 2017 Allen Elementary and Rothschild Middle principal promotion decisions.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Powell, the parties' citations to the record reveal the following facts.

Powell began working for the School District as a school counselor in August 2000. In 2008, Powell, who is black, made a complaint of race discrimination against a white coworker. Powell Dep. 341:10-342:3, ECF No. 29. The School District's human resources personnel asked Powell to remove the complaint, but he refused to do so. *Id.* at 281:4-7.

Powell was promoted to assistant principal at a high school in 2011, and he served as an assistant principal in various schools after that. Between May 2015 and May 2016, Powell applied for thirteen open principal positions. He was not selected for any of them. In his response brief and sur-reply, Powell did not argue that these decisions were retaliatory. Rather, he clarified that his failure-to-promote Whistleblower Act claims are based on the December 2016 principal promotion decisions for Reese Road Elementary and Davis Elementary and that his failure-to-promote § 1981 retaliation claims are based on the June 2017 principal promotion decisions for Rothschild Middle and Allen Elementary. If Powell previously made claims based on other promotion decisions, he has abandoned them. *See Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) (explaining that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

During the 2016-2017 school year, Powell was an assistant principal at AIM/Edgewood Student Services Center ("AIM"). An AIM special education student was seriously injured after a contract behavioral specialist repeatedly restrained him. A teacher named Zehra Malone was present for the final "takedown" that injured the student, and she was aware that the student had been injured. Though Powell checked on the student twice during the restraints, he did not know that the student had been injured, and Malone did not tell him. The next day, the student's mother told Powell that the student had been seriously injured. Powell wrote a written reprimand to Malone for failing to tell him about the student's injuries, and he copied AIM's principal on the letter.

In December 2016, School District Chief Human Resources Officer Kathy Tessin told Powell that he could not issue the reprimand because only the School District's superintendent has authority to issue an official reprimand. She pressed Powell to rescind the letter. Powell refused. Also in December 2016, the School District filled principal positions at Davis Elementary and Reese Road Elementary. Powell applied for both positions but was not selected for either one.

Superintendent David Lewis decided to demote Powell to a school counselor position for the 2017-2018 school year, and

Tessin informed Powell of the decision on May 3, 2017.[2]  During that meeting, Powell asked Tessin why he was not being promoted to a principal position; since May 2015, Powell applied for at least fifteen principal positions but was never selected for one.  Powell asserts that Tessin "clearly stated that because [Powell] refused to remove [a 2008 race] discrimination complaint on [a former colleague, that] is the reason [he] wasn't being promoted."  Powell Dep. 281:4-7; *accord id.* at 341:10-342:3.[3]

After Powell submitted a grievance regarding his demotion, Lewis rescinded the demotion and informed Powell in mid-May that he would be given an assistant principal position for the next school year.  In June 2017, Powell applied for principal positions at Allen Elementary and Rothschild Middle but was not selected.  Instead, Powell was assigned to two elementary schools as an assistant principal for the 2017-2018 school year. Powell asserts that his job duties were reduced, pointing to evidence that the principal of one school asked him to help with some clean-up and inventory tasks at the beginning of the 2017-2018 school year.  *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 17, Email from Y. Scarborough to E. Powell (Aug. 8, 2017 at

---

[2] Based on his response brief and sur-reply, Powell does not appear to assert retaliation claims based on the May 2017 demotion.  Even if he had, he did not point to evidence that the decision was causally related to activity protected under § 1981 or the Whistleblower Act.

[3] Tessin denies making this statement, but at summary judgment the record must be viewed in the light most favorable to Powell.

6:56 AM), ECF No. 26-11 at 4 (asking for help coordinating the removal of broken furniture); *Id.*, Email from Y. Scarborough to E. Powell (Aug. 18, 2017 at 8:35 AM), ECF No. 26-11 at 3 (asking for help organizing books).

DISCUSSION

I. **Powell's § 1981 Retaliation Claim**

Section 1981 prohibits employers from retaliating against their employees for complaining of racial discrimination. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). To establish a § 1981 retaliation claim, a plaintiff must prove that he engaged in activity protected under § 1981, that he suffered an adverse action, and "that the adverse action was causally related to the protected activity." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018).

Powell's § 1981 retaliation claims are based on (1) the June 2017 Allen Elementary and Rothschild Middle principal promotion decisions and (2) the alleged reduction of his job duties. Regarding the reduction of job duties, although Powell pointed to evidence that the principal of one of his assigned schools asked him to coordinate a handful of clean-up and inventory tasks during a two-week period at the beginning of the 2017-2018 school year, Powell did not point to any evidence that these types of assignments continued or that the principal who made the assignments was aware of his past protected activity.

Thus, Powell's evidence does not support a § 1981 retaliation claim based on the alleged reduction of his job duties.

Turning to the June 2017 principal promotion decisions for Allen Elementary and Rothschild Middle, a genuine fact dispute exists on these § 1981 retaliation claims because Powell pointed to direct evidence of retaliation: Tessin told Powell that he would not be promoted to principal if he refused to rescind his 2008 racial discrimination complaint about a co-worker. The School District denies that Tessin made the statement, but the Court must credit Powell's sworn deposition testimony at this stage of the proceedings. If believed, Tessin's statement would establish that the School District refused to promote Powell to principal because of his past complaint of racial discrimination and his refusal to rescind the complaint. And, soon after Tessin made the statement, Powell applied for but was denied the Allen Elementary and Rothschild Middle principal positions. Summary judgment is not appropriate if the plaintiff "presents direct evidence that, if believed by the jury, would be sufficient to win at trial . . ., even where the movant presents conflicting evidence." *Jefferson*, 891 F.3d at 922-23 (alteration in original) (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997)) (reversing district court that applied *McDonnell Douglas* framework even though the plaintiff had pointed to direct evidence of discrimination).

Therefore, the Court denies the School District's summary judgment motion on the failure-to-promote claims based on the 2017 Allen Elementary and Rothschild Middle promotion decisions.

## II.  Powell's Whistleblower Act Claim

The Georgia Whistleblower Act prohibits a state employer from retaliating against an employee for disclosing violations of laws, rules, or regulations to a supervisor or a government agency. O.C.G.A. § 45-1-4(d)(2).  In "evaluating whether a state whistleblower claim is subject to summary adjudication," the Georgia courts use "the *McDonnell Douglas* burden-shifting analysis used in Title VII retaliation cases." *Coward v. MCG Health, Inc.*, 802 S.E.2d 396, 399 (Ga. Ct. App. 2017).  Under that framework, if there is no direct evidence of retaliation based on conduct protected under the Whistleblower Act, then "a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  If the plaintiff establishes these elements, then the employer may articulate a legitimate, nonretaliatory reason for its decision, and to survive summary judgment the plaintiff must present evidence that the proffered reason is pretextual.  *Id.*

Here, there is no dispute that Powell's reprimand letter to Malone is protected activity or that a denied promotion is a

materially adverse action. And, a jury could infer a causal connection based on the very close temporal proximity between Powell's letter of concern (and Tessin's request that he rescind it) and the December 2016 principal promotion decisions for Davis Elementary and Reese Road Elementary. Accordingly, Powell established a prima facie case of retaliation.

The School District asserts that it had a legitimate nonretaliatory reason for its decision: Powell was not qualified to be a principal because he did not have three years of classroom teaching experience.[4] But Powell pointed to evidence that the job postings for the principal positions do *not* list three years of classroom teaching experience as a requirement. *See, e.g.*, Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 11, Principal, Davis Elementary School Job Posting, ECF No. 26-5. Rather, they require three years of experience as a principal or

---

[4] The School District presented evidence that in 2014, it decided that "all subsequent hires for any school-based administrator position must have at least three years of classroom teaching experience." Tessin Aff. ¶ 7, ECF No. 20-5. Powell moved to strike the affidavit, arguing that the School District did not disclose this policy during discovery and that the affidavit conflicts with Tessin's deposition testimony. The School District disclosed the policy during discovery. *See* Def.'s Resp. & Obj. to Pl.'s 2d Interrogs. 4, ECF No. 27-2. Though the form of the responses is flawed because the responses are signed by an attorney and not the person who made the answers, the problem with the form does not mean that the policy was not disclosed during discovery. And, Tessin's deposition testimony does not conflict with the affidavit. Rather, it reveals that Powell's attorney asked Tessin how she responded when Powell asked her why he was not selected for several principal positions. Tessin said she told Powell that his skill set did not meet the School District's needs and that the superintendent *expected classroom teaching experience*. Powell's attorney did not follow up on these responses. The motion to strike (ECF No. 24) is denied, and further discovery is not warranted.

assistant principal, which Powell had. Thus, the Court finds that genuine fact disputes preclude summary judgment on Powell's Whistleblower Act claims based on the December 2016 promotion decisions (Davis Elementary and Reese Road Elementary).[5]

CONCLUSION

As discussed above, the School District's summary judgment motion (ECF No. 20) is granted as to Powell's § 1981 discrimination claims and his Title VII claims. The School District's summary judgment motion is also granted as to all of Powell's other claims *except* Powell's § 1981 retaliation claims based on two June 2017 promotion decisions (Rothschild Middle and Allen Elementary) and his Whistleblower Act claims based on two December 2016 promotion decisions (Davis Elementary and Reese Road Elementary). Powell's motion to strike (ECF No. 24) and the School District's motion to stay proceedings (ECF No. 36) are denied. Within seven days of the date of this Order, Powell may file an Amended Complaint to clarify that his § 1981 claims are brought through § 1983.

IT IS SO ORDERED, this 9th day of January, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[5] The School District did not clearly argue in its summary judgment brief that the selected candidates were better qualified than Powell, so the Court may not consider that potential reason as a legitimate nonretaliatory reason for the December 2016 promotion decisions.